MARION R. HARRIS AND WIFE, ARONUL E. HARRIS v. MARGARET M. ADAMS, EXECUTRIX OF THE ESTATE OF NORMAN L. ADAMS, DECEASED, MARGARET M. ADAMS, INDIVIDUALLY, AND RICHARD M. WIGGINS, TRUSTEE FOR NORMAN L. ADAMS, DECEASED, AND MARGARET M. ADAMS, AND EDWIN M. ADAMS

No. 7012SC388

(Filed 5 August 1970)

Landlord and Tenant § 6; Vendor and Purchaser § 1— lease with option to purchase dry cleaning business — construction

Although the provisions of a lease of a dry cleaning establishment containing an option to purchase are ambiguous, reasonable construction of the lease is that the parties intended that payment by the lessees of any of the debts of the business over the amount of $106,785.05 was to be set off against a deed of trust for $15,000 given by the lessees when the option to purchase was exercised, and that the parties intended and agreed that the total purchase price was to be $121,785.05.

Harris v. Adams

APPEAL by defendants from *McKinnon, J.*, 23 February 1970 Civil Session of CUMBERLAND County Superior Court.

This action arises out of the sale by defendants of a laundry and dry cleaning establishment to the plaintiffs. A lease containing an option to purchase was executed by the parties on 1 May 1966 and plaintiffs exercised their option thereunder on 6 October 1966, within the time prescribed by the agreement. As a part of the consideration for closing the transaction, plaintiffs executed, on the day the option was exercised, a note and a deed of trust to the defendants in the amount of $15,000. Plaintiffs are seeking to enjoin the foreclosure of the deed of trust, alleging that under the terms of the lease, the deed of trust has been satisfied. The case was heard by the judge without a jury. Judgment was entered in favor of the plaintiffs. Pertinent portions of the judgment and the lease are set out in the opinion.

*Pearson, Malone, Johnson & DeJarmon by M. E. Johnson, W. G. Pearson II, and C. C. Malone, Jr., for plaintiff appellees.*

*McCoy, Weaver, Wiggins, Cleveland & Raper by Richard M. Wiggins for defendant appellants.*

MORRIS, J.

Appellants in their brief state:

"The basic question herein involved is whether or not plaintiffs may introduce evidence tending to show that prior to the execution of a note secured by a deed of trust on October 6, 1966, in accordance with the terms of an option to purchase dated May 1, 1966, said note and deed of trust were paid.

The second question involved is whether there were sufficient facts upon which the Court could have reached its conclusion concerning construction of the lease-option agreement and whether or not the conclusion of the Court was erroneous in view of the facts so found."

Appellants' brief does not contain, properly numbered, the several grounds of exception and assignments of error with reference to the pages of the record as required by Rule 28, Rules of Practice in the Court of Appeals of North Carolina. In fact, nowhere in the brief is there a reference of any sort to any exception.

However, we do find in the record what purports to be a grouping of exceptions and assignments of error. Number 1 thereunder is as follows: "The court erred in admitting into evidence Plaintiffs' Exhibit 1, *i.e.*, the lease-option agreement dated May 1, 1966, is Exception No. 1. (R p 22)." Referring to page 22 of the record, we find the following: "APPEAL ENTRY The defendants except to the findings of fact and conclusions of law in this cause and in open court give Notice of Appeal to the Court of Appeals of North Carolina for error of law, assigned and to be assigned. (PLAINTIFFS' EXCEPTION NUMBER 1)." A further voyage of discovery reveals that following the judgment and appeal entries, there appears a narration of the evidence. During the course of plaintiffs' evidence, this appears: "(Lease-Option Agreement marked Plaintiffs' Exhibit 1) (PLAINTIFFS' EXCEPTION No. 2)." A diligent search of the record fails to reveal any objection by defendants to the introduction of the lease or to the admission of any evidence concerning it.

The question which defendants contend is basic to a determination of this cause is not properly before us. However, in an effort to determine what defendants' contentions are, we have carefully studied the record and are of the opinion that the lease agreement was properly admitted into evidence and further that the evidence supports the facts found by the court and that the facts found support the conclusions of law.

The pertinent portions of the lease are:

"5.   The Lessee herein, hereby expressly agrees that upon his election to exercise the option granted in paragraph 4 above, he may exercise said option by assuming the then outstanding, recorded debts of the business known and designated as A. & H. CLEANERS as aforesaid, together with any outstanding recorded mortgage or deed of trust against the building and lot known and designated as 4515 Bragg Boulevard in the City of Fayetteville, State of North Carolina, the aggregate sum of which debts shall not exceed One Hundred Six Thousand Seven Hundred Eighty-Five and 05/100 ($106,785.05) dollars as shown by Schedule A herewith attached and that any amount paid upon said bills, as shown by Schedule A herewith attached from and after the date of this instrument shall be credited to the Lessee herein as a part of the purchase price of said business. That upon the exercise of the aforesaid option the Lessee herein hereby

further agrees to pay to Lessors as further consideration the sum of Fifteen thousand dollars ($15,000), said sum to be paid as follows:

1.   Five thousand ($5,000) dollars to be paid twelve (12) months after the exercise of said option unless sooner paid, and a like sum, on or before the anniversary date of the exercise of said option for two consecutive years thereafter, until said sum of Fifteen thousand dollars is fully paid, however, nothing herein shall prevent Lessee from paying the full sum due upon said sum at any time within three (3) years of the exercise of said option.

6.   If the recorded debts referred to in paragraph 5 above should exceed One hundred Six thousand seven hundred eighty-five and 05/100 ($106,785.05) dollars at the time of purchase, the Lessor herein hereby expressly agrees that said excess amount shall be deducted from the Fifteen Thousand ($15,000) dollars to be paid to Lessor at the time the option is exercised."

In construing these provisions the court made findings of facts, conclusions of law and rendered judgment as follows:

"6.   That during the period from May 1, 1966 through October 1, 1966, the date that the plaintiffs exercised their option, the plaintiffs paid debts of A & H Cleaners in the amount of Twenty-Two Thousand Seven Hundred Nine and 15/100 ($22,709.15) Dollars.

7.   That on October 1, 1966, the outstanding debts of A & H Cleaners were Ninety-Nine Thousand Three Hundred Forty-Six and 37/100 ($99,346.37) Dollars.

8.   That as of this date, plaintiffs have paid all of said debts of A & H Cleaners except for One Thousand Eight Hundred Ninety-Two and 35/100 ($1,892.35) Dollars, which said sum remains unpaid.

9.   That no cash payments were ever made by plaintiffs to defendants on said Note and Deed of Trust subsequent to the execution thereof by the plaintiffs.

BASED UPON THE STIPULATIONS, THE EVIDENCE AND THE RECORD, THE COURT CONCLUDES AS FOLLOWS:

1.   That a proper interpretation of the agreement which the court has determined is pertinent on the issue of payment

of said Note and Deed of Trust, particularly paragraphs 4, 5 and 6 thereof hereinabove recited, is that the plaintiff Marion R. Harris had an agreement and option to purchase the business known as A & H Cleaners for a price of One Hundred Six Thousand Seven Hundred Eighty-Five and 05/100 ($106,785.05) Dollars plus Fifteen Thousand ($15,-000.00) Dollars; that while paragraph 5 referred to the 'then outstanding record debts of the business' and paragraph 6 reads 'if the recorded debts referred to in paragraph 5 should exceed $106,785.05 at the time of purchase,' it is the opinion of the Court from the agreement as a whole and the conduct of the parties that it was contemplated that the debts existing as of the date of the agreement, May 1, 1966, whatever they might thereafter be accurately determined, were those to be assumed by Marion R. Harris upon the exercising of the option and that any excess of those debts above $106,785.05 so assumed were to be credited on the Fifteen Thousand ($15,000) Dollars Note and Deed of Trust.

2.   That the Court further finds that the total debts of A & H Cleaners was not determined on the date of the exercise of the option and the execution of the Note and Deed of Trust, although plaintiffs' accountant informed all parties that the outstanding debts at that time were approximately One Hundred Thousand ($100,000.00) Dollars but that the Court concludes that such conduct indicated that upon a proper determination of such debts a credit would be allowed against said Note and Deed of Trust for such of said debts which might exceed $106,785.05 on May 1, 1966.

Now, THEREFORE, it is ordered, adjudged and decreed that the Note and Deed of Trust recited herein is a cloud on plaintiffs' title, that the defendants have no interest therein, and that said Deed of Trust be cancelled as of record upon payment by the plaintiffs to the defendants of the sum of One Thousand Eight Hundred Ninety-Two and 35/100 ($1,892.35) Dollars."

We agree with counsel for plaintiffs that the provisions in the lease are ambiguous.

"The heart of a contract is the intention of the parties, which is to be ascertained from the language used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time.   .   .   .

---

A contract is to be construed as a whole, and each clause and word must be considered with reference to the other provisions and be given effect if possible by any reasonable construction, . . ." 2 N.C. Index 2d, Contracts § 12, p. 315, and cases there cited.

Applying these well-known principles of construction to the evidence, we are of the opinion that a reasonable construction of the lease is that the parties intended any debts paid over $106,785.05 to be set off against the deed of trust. It is patently clear that the parties intended and did agree that the total purchase price was to be $121,785.05. Defendants argue that because plaintiffs executed the note and deed of trust that they are estopped to claim any setoff under the lease. This contention is without merit and is overruled.

Affirmed.

MALLARD, C.J., and GRAHAM, J., concur.